## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-22885-Williams/Torres

-------------------------------------------------- x

PAYCARGO, LLC,

                *Plaintiff*,

  -against-

PAVEL GALBREATH
a/k/a PASHA GALBREATH
a/k/a PASHA PROBIV,

                *Defendant*.

-------------------------------------------------- x

### MOTION TO WITHDRAW BY DEFENSE COUNSEL
### AND INCORPORATED MEMORANDUM OF LAW

### INTRODUCTION

Pursuant to S.D. Fla. L.R. 7.1 and 11.1, and Rule 4-1.16(b) of the Rules Regulating the Florida Bar, Mark Bradford of Mark Bradford, P.C., and Emily C. Komlossy of Komlossy Law, P.A. (collectively, "**Defense Counsel**"), hereby file this motion on consent to withdraw as counsel for Defendant Pavel Galbreath a/k/a Pasha Galbreath a/k/a Pasha Probiv ("**Defendant**"), with an incorporated memorandum of law.

Irreconcilable differences have recently arisen between the Defense Counsel and Defendant with respect to the further conduct of this matter, rendering the undersigned unable to ethically and fairly represent Defendant in this matter. Both Defendant and counsel for plaintiff have consented to Defense Counsel's stated wish to withdraw their representation.

Before requesting withdrawal, Defense Counsel have taken steps to ensure that their withdrawal will have no material adverse effect on the interests of Defendant. A motion for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is now fully briefed and *sub judice*. Defense Counsel has also appeared with Defendant at a court-ordered mediation on October 16, 2020. Defense Counsel have fully apprised Defendant of the ramifications of this withdrawal and have strongly advised him to take immediate steps to retain successor counsel. Under these circumstances, the motion to withdraw should be granted.

## FACTUAL SUMMARY

On July 13, 2020, Plaintiff PayCargo commenced this action, alleging Defendant's misappropriation of trade secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836(b), common law conversion of proprietary and confidential information, and breach of contract. (D.E. 1.)[1] On August 10, 2020, Defense Counsel entered appearances or filed a motion to appear *pro hac vice* on behalf of Defendant, and served the Answer. (D.E. 8, 9.) On August 18, 2020, this Court granted Mark Bradford, P.C.'s *pro hac vice* motion. (D.E. 10.) On October 1, 2020, Defendant filed a motion for judgment on the pleadings under Rule 12(c) with respect to the causes of action for misappropriation of trade secrets and conversion of proprietary and confidential information. (D.E. 15.) On October 16, 2020, the parties and counsel participated in a court-ordered mediation supervised by Pamela I. Perry, P.A., which resulted in an impasse. (D.E. 14, 17, 19.) Defendant filed a reply memorandum in support of its 12(c) motion on October 20, 2020. (D.E. 18.) On October 29, 2020, Plaintiff served its First Request for Production of documents and First Set of Interrogatories to Defendant.

---

[1] Citations to the docket herein are represented are prefixed with "D.E. ___".

Currently, Defense Counsel has no outstanding legal bills.

## ARGUMENT

In a civil case, "any attorney of record has the right to terminate the attorney client relationship and to withdraw as an attorney of record upon due notice to his client and approval by the court." *Fisher v. State*, 248 So. 2d 479, 486 (Fla. 1971). "Approval by the court should be rarely withheld and then only upon a determination that to grant said request would interfere with the efficient and proper functioning of the court." *Id.; see also Horan v. O'Connor*, 832 So. 2d 193, 194 (Fla. Dist. Ct. App. 2002) (affirming grant of motion for withdrawal based on counsel's assertion of "irreconcilable differences" with client).

The Rules of Professional Conduct ("**Rules**" or "**Rule**") state the circumstances under which an attorney may or must ethically seek to withdraw from an ongoing matter. The Rule provides that an attorney may permissively withdraw where,

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2) the client insists upon taking action that the lawyer considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement;
>
> (3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (4) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (5) other good cause for withdrawal exists.

Rule 4-1.16(b).

The Southern District of Florida follows a four-factor test in assessing motions to withdraw as counsel. Specifically, the Court may consider: "1) the reasons why withdrawal is sought; 2) the prejudice that might result from withdrawal; 3) the harm withdrawal might cause

to the administration of justice; and 4) the degree to which withdrawal will cause a delay in the resolution of the case." *United States v. Travers*, 996 F. Supp. 6, 14 (S.D. Fla. 1998).

Without waiving attorney-client privilege, Defense Counsel seek to withdraw their representation in this matter for two reasons: (1) fundamental disagreement between Defendant and Defense Counsel as to how the defense of this matter should proceed; and (2) Defendant's stated unwillingness or inability to pay Defense Counsel's fees for their efforts in this matter going forward.

No prejudice to Defendant will result from Defense Counsel's withdrawal in this case. Defense Counsel has given Defendant adequate notice of their intent to terminate their representation in this matter, and Defendant has given his consent. Withdrawal will not cause harm to the administration of justice or substantial delay in this matter. Discovery has not yet commenced, apart from the recent service of Plaintiff's First Request for Production of Documents and First Set of Interrogatories. A dispositive motion with respect to two out of three causes of action is fully briefed and pending before the Court. Defense Counsel has strongly advised Defendant to retain successor counsel immediately.

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(a)(3)

After conferring with opposing counsel for Plaintiff by telephone, Plaintiff's counsel informed the undersigned counsel on November 9, 2020, in the same telephone conference that the Plaintiff consents and does not object to this Motion.

## CONCLUSION

As described above, Defense Counsel's motion to withdraw is justified by the circumstances and supported by the Rules of Professional Conduct.

**WHEREFORE**, the undersigned counsel respectfully requests that this Court enter an Order: (a) granting this Motion; (b) authorizing Defense Counsel to withdraw as counsel of record for Defendant; (c) relieving Defense Counsel of any and all further obligations on behalf of Defendant in this action; (d) granting Defendant an additional 30 days to respond to Plaintiffs' pending first request for production of documents and first set of interrogatories; (e) providing Defendant with at least 30 days to retain successor counsel before any additional pretrial deadlines are imposed upon them; (f) directing that all future pleadings, motions, discovery, and any and all other communications concerning this matter be sent directly to Defendant Pasha Probiv, 29 Fan Hill Road, Monroe, Connecticut 06468, (917) 710-0006, ppashin@gmail.com, until such time as successor counsel enters an appearance; and (g) awarding such other and further relief as this Court deems just and proper.

Dated: November 9, 2020

MARK BRADFORD, P.C.
By /s/   Mark Bradford
Mark Bradford (*pro hac vice*)
mb@markbradfordpc.com
299 12th Street
Brooklyn, New York 11215
Phone: (347) 413-3287

-and-

KOMLOSSY LAW, P.A.
By /s/   Emily C. Komlossy
Emily C. Komlossy (FBN 7714)
eck@komlossylaw.com
4700 Sheridan St., Suite J
Hollywood, FL  33021
Phone: (954) 842-2021
Fax: (954) 416-6223

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of November 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will deliver the document to all counsel of record as follows:

>Wayne R. Atkins
>Xander Law Group, P.A.
>One NE 2nd Avenue, Suite 200
>Miami, Florida 33132
>Tel: (305) 767-2001
>Fax: (855) 926-3370
>wayne@xanderlaw.com
>*Attorneys for Plaintiff*

and by depositing a true copy in a properly addressed wrapper, postage prepaid, under the exclusive care and custody of the U.S. Postal Service, upon the Defendant directed to the following address:

>Pasha Probiv
>29 Fan Hill Road
>Monroe, Connecticut 06468
>ppashin@gmail.com

>*/s/ Emily C. Komlossy*
>FBN 7714