**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:20-CV-22885-KMW**

PAYCARGO, LLC,

Plaintiff,

v.

PAVEL GALBREATH a/k/a PASHA GALBREATH a/k/a PASHA PROBIV,

Defendant.
_______________________________________/

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff PAYCARGO, LLC, pursuant to Rule 26 of the Federal Rules of Civil Procedure, moves the Court to enter the attached Protective Order, and states:

1. The Complaint (D.E.1) alleges essentially that Defendant (a former employee of Plaintiff) caused the unauthorized disclosure of trade secrets, confidential and other proprietary information to a direct competitor of Plaintiff's.

2. A protective order is needed to preserve the confidentiality of this sensitive information.

3. "Pursuant to Federal Rule of Civil Procedure 26(C)(1)(G), a court 'may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense' by 'requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.'" *Corcel Corp. v. Ferguson Enterprises, Inc.*, 291 F.R.D. 680, 681 (S.D. Fla. 2013).

4. The Eleventh Circuit analyzes four factors in determining whether "good cause"

exists in this context: "'[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order.'" *Id.*, quoting *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987).

5. These factors weigh in favor of a protective order being entered here.

6. The anticipated discovery surrounding Plaintiff's trade secrets and proprietary information establishes a need for such an order. *See Core Labs. LP v. AmSpec, LLC*, CV 16-00526-CG-N, 2017 WL 11444537, at *1 (S.D. Ala. May 22, 2017) ("The disclosure of confidential information on an 'attorneys' eyes only' basis is a routine feature of civil litigation involving trade secrets." (citation omitted)).

7. Because the defendant is proceeding *pro se*, an "attorney's eyes only" designation would be unworkable. However, there needs to be at least a "confidential" designation to protect against the disclosure of sensitive information which may be discovered in this case.

8. This is especially so where Defendant is working for a direct competitor of Plaintiff's.

9. A proposed protective order is attached hereto as **Exhibit A**.

10. Prior to filing this Motion, undersigned counsel attempted to confer with Defendant as to the need for a Protective Order in this case in compliance with Local Rule 7.1(a)(3). Counsel for Plaintiff first emailed Defendant regarding this issue on January 21, 2021 with a follow up email on January 29, 2021. Counsel for Plaintiff has also attempted to call Defendant to discuss this and other issues, only for the phone calls to go straight to voicemail. Counsel for Plaintiff raised this issue again during a recent deposition in this case. Defendant has not responded to these attempts to confer nor has he taken a position on this issue. Nonetheless, a protective order is

necessary to preserve the confidentiality of Plaintiff's trade secrets and proprietary information during discovery in this case.

WHEREFORE, PAYCARGO, LLC request that the Court enter the Protective Order attached hereto as **Exhibit A**.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 9th day of February, 2021,[1] a copy of this *Motion for Protective Order* was mailed and emailed to: Pasha Probiv, 1216 Broadway, Second Floor, New York, NY 10001, ppashin@gmail.com.

By:/s/Wayne R. Atkins
Wayne R. Atkins
Florida Bar No. 84000
**XANDER LAW GROUP, P.A.**
1 NE 2nd Avenue, Suite 200
Miami, Florida 33133
Tel: (305) 767-2001
Fax: (855) 926-3370
wayne@xanderlaw.com
service@xanderlaw.com
*Counsel for Plaintiff*

[1] This is post-dated to the following business day to reflect the fact that the mail has already been retrieved for the day.