UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-22885-Williams/Torres

-------------------------------------------- x
PAYCARGO, LLC,

*Plaintiff*,

-against-

PAVEL GALBREATH aka
PASHA GALBREATH aka
PASHA PROBIV, WALE UP LLC and
CARGOSPRINT LLC

*Defendant*.
-------------------------------------------- x

**CORRECTED PLAINTIFF'S MOTION TO COMPEL ENTRY OF AMENDED PROTECTIVE ORDER**

(Corrected as to allegations regarding the contents of the current Protective Order [D.E. 37])

**COMES NOW**, Plaintiff, PayCargo, LLC ("PayCargo"), by and through its undersigned legal counsel, and files this Motion to Compel Entry of Amended Protective Order and in support thereof alleges as follows:

**PROCEDURAL HISTORY**

This lawsuit began as a claim by PayCargo against Defendant Pasha Probiv ("Probiv") and subsequently evolved against Defendants CargoSprint, LLC ("CargoSprint") and Wale Up, LLC ("Wale Up") for misappropriation of trade secrets, breach of contract, and permanent injunction. Defendant CargoSprint is a direct competitor of PayCargo, and, although discovery is still ongoing, PayCargo asserts that CargoSprint misappropriated trade secrets of PayCargo and has

been implementing them in its own payment platform and system architecture in the conducting of its daily business.

When this case was initiated, the only Defendant was Defendant Probiv. Defendant Probiv was first represented by legal counsel and subsequently proceeded *pro se*. On February 22, 2021, Plaintiff and Defendant Probiv entered into a Protective Order [D.E. 37] with confidentiality language establishing "Confidential" classification based on the potentially sensitive nature of the anticipated discovery concerning Plaintiff's payment platform and system architecture, most notably Plaintiff's payment system's source code.

Subsequently, through the Plaintiff's First Amended Complaint [D.E. 45], Plaintiff added the two company Defendants CargoSprint and Wale Up. It is important to note that CargoSprint is the direct competitor of Plaintiff and that Wale Up is Defendant Probiv's company. It is also important to note that, as of April 9, 2021, Probiv has been represented by legal counsel and is no longer proceeding *pro se* in this case.

Based on the foregoing, there is a need to modify the Protective Order entered on February 22, 2021, [D.E. 37] to (1) add confidentiality language establishing "Attorneys Eyes Only" ("AEO") classification based on the potentially sensitive nature of the anticipated discovery concerning Plaintiff's payment platform and system architecture, (2) include the two newly added Defendants CargoSprint and Wale Up and (3) exclude Defendant Probiv from having access to AEO information as he is now represented by legal counsel. It is of paramount importance that the Protective Order [D.E. 37] be amended so that the parties may be able to conduct discovery, including production of key and confidential documents and the taking of approximately fourteen depositions and Rule 30(B)(6) depositions which the parties have already started coordinating but which cannot take place until the Amended Protective Order is entered into as it is anticipated that

numerous confidential documents including documents containing trade secret information will be produced.

On April 15, 2021, PayCargo submitted to Defendants' respective legal counsel a proposed Amended Protective Order establishing the necessary confidentiality between all parties and attorneys involved with respect to all present and future discovery being conducted in this case. However, to date, Plaintiff has not heard a response from Defendants with respect to amending the current Protective Order in place, even though Plaintiff has provided the proposed Amended Protective Order in word format at the request of the respective legal counsel for Defendants. Notwithstanding, legal counsel for Defendant CargoSprint has already indicated its objection to the proposed Amendment as they object to PayCargo's in-house counsel Jason Weber, Esq. having access to AEO designated information, stating, specifically, that Defendants object "to his access to any materials or testimony designated ATTORNEYS EYES ONLY. We have discussed the reasons for this with Mr. Atkins and Mr. Weber on numerous occasions."

Plaintiff is filing concurrently with this Motion a Motion for a Court Order allowing Jason Weber, Esq. to have access to AEO designated information and documents and to be included in the Amended Protective Order as "Counsel" under a subcategory of "In-House Counsel."

## ARGUMENT

PayCargo seeks the Court's entry of an Order amending the current Protective Order [D.E. 37] to limit disclosure of trade secrets, confidential business information, and other proprietary information in accordance with Federal Rules of Civil Procedure 26(c). By adding the new Defendants CargoSprint and Wale Up and by excluding Defendant Probiv from having access to AEO information as he is now represented by legal counsel, there is an absolute need for an Amended Protective Order.

The Court's entry of an Order amending the Protective Order [D.E. 37] will ensure the parties' protection of their respective trade secrets by covering all documents, including electronically stored information, produced in the course of discovery, including responses to discovery requests, all deposition testimony and exhibits, documents produced by third parties subject to subpoena, other materials which may be subject to restrictions on disclosure for good cause, and information derived directly therefrom.

This modification and amendment are even more necessary now that Plaintiff's main competitor CargoSprint has been added to the lawsuit to insure against further usurping of Plaintiff's trade secrets. It is paramount that this Court enter an Order amending the current Protective Order [D.E. 37] so that the parties may conduct the pending written and oral discovery immediately. This includes the taking of approximately fourteen depositions and Rule (30)(B)(6) depositions, which are presently stalled due to the Plaintiff's inability to obtain agreement from Defendants as to an Amended Protective Order.

Additionally, written discovery cannot fully be conducted until the current Protective Order is amended as there are a number of documents that will be produced from the parties and which include substantial trade secret information, confidential business information, and other proprietary information.

Plaintiff appreciates the Court's entry of its Order [D.E. 93] on April 22, 2021 directing the Parties to confer and file an amended joint proposed scheduling order by May 6, 2021. However, the Proposed Order [D.E. 37] must be amended as soon as possible so that the parties can conduct the pending discovery and move the case along swiftly even as the Court's deadlines are extended.

**WHEREFORE**, PayCargo respectfully requests that the Court grant this Motion and enter an Amended Protective Order (1) adding Defendants CargoSprint and Wale Up, (2) excluding Defendant Probiv any other relief the Court deems appropriate.

**LOCAL RULE 7.3(b) CERTIFICATE OF CONFERRAL**

I HEREBY CERTIFY that, prior to filing this motion, PayCargo's legal counsel prepared and provided Defendants' legal counsel a copy of the proposed Protective Order, conferred with Defendants' legal counsel, and they represented that they object to PayCargo's in-house counsel Jason Weber, Esq.'s inclusion in the definition of "Counsel" in the proposed Protective Order.

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 28th day of April, 2021, a copy of this Motion was emailed to Gustavo D. Lage, Esq., glage@smgglaw.com, Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado LLP, 201 Alhambra Cir., Suite 1205, Coral Gables, Florida 33134, attorneys for Defendants Pavel Galbreath and Wale Up, LLC; and Noah H. Rashkind, Esq., nrashkind@lottfischer.com, Dylan H. Smith, Esq., dsmith@lottfischer.com, Giulia C. Farrior, gfarrior@lottfischer.com, Lott & Fischer, PL, 255 Aragon Ave., Coral Gables, FL 33134, attorneys for Defendant Galbreath, LLC.

Respectfully submitted,

MARCUS LAW CENTER, LLC
2600 Douglas Rd., Suite 1111
Coral Gables, FL 33134
Tel: (305) 507-1203

*/s/ Alan K Marcus*

__________________________
Alan K. Marcus, Esq.
Fla. Bar No. 266116
amarcus@marcuslawcenter.com

XANDER LAW GROUP, P.A.

One NE 2nd Avenue, Suite 200
Miami, Florida 33132
Tel: (305) 767-2001
Fax: (855) 926-3370

*/s/ Wayne R. Atkins*
_____________________________
Wayne R. Atkins
Fla. Bar No. 84000
wayne@xanderlaw.com
service@xanderlaw.com
Attorneys for Plaintiff