UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-22885-Williams/Torres

---------------------------------------------- x
PAYCARGO, LLC,

        *Plaintiff*,

  -against-

PAVEL GALBREATH aka
PASHA GALBREATH aka
PASHA PROBIV, WALE UP LLC and
CARGOSPRINT LLC

        *Defendant*.
---------------------------------------------- x

**PLAINTIFF'S REPLY TO DEFENDANT CARGOSPRINT LLC'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO INSPECT
DEFENDANT CARGOSPRINT LLC'S PLATFORM AND
<u>INCORPORATED MEMORANDUM OF LAW</u>**

    **COMES NOW**, Plaintiff, PayCargo, LLC, ("Plaintiff"), by and through its undersigned legal counsel, and hereby files this Reply To Defendant CargoSprint, LLC's ("Defendant CargoSprint") Response In Opposition To Plaintiff's Motion To Inspect Defendant CargoSprint, LLC's Platform And Incorporated Memorandum Of Law, and in support thereof alleges as follows:

    1. On April 16, 2021, Plaintiff filed a Motion to Inspect Defendant CargoSprint, LLC's Platform or, in the Alternative, Motion for the Court's Appointment of a Third-Party Independent Expert to Review the Parties' Platform and Trade Secret Information and Report to the Court [D.E. 87] ("Plaintiff's Motion to Inspect").

1

2. On May 28, 2021, Defendant CargoSprint filed its Response In Opposition To Plaintiff's Motion To Inspect Defendant CargoSprint, LLC's Platform And Incorporated Memorandum Of Law [D.E. 126] ("Defendant CargoSprint's Response").

3. Defendant CargoSprint's Response is tantamount to a petulant child's argument. Instead of dealing with the issue at hand, which is the subject of Plaintiff's Motion to Inspect, Defendant CargoSprint has a laundry list of things Plaintiff allegedly did and did not do, most importantly, the alleged failure to meet and confer regarding the Plaintiff's Motion to Inspect.

4. Since the filing of Plaintiff's Motion to Inspect, Plaintiff's counsel has been in constant communication with Defendant CargoSprint's counsel to enter into an Agreed Order on Plaintiff's Motion. In fact, Defendant CargoSprint has been in agreement to the appointment of an independent expert to inspect both parties' platforms resolving Plaintiff's Motion. However, because of the importance of keeping secret each party's trade secrets, including their platforms and payment systems, the parties also agreed to agree to a protocol for inspection of each other's platforms by a third-party independent expert.

5. As both parties have agreed to the appointment of a third-party independent expert to inspect each other's platforms, it seems illogical for Defendant CargoSprint to respond **in opposition** to Plaintiff's Motion to Inspect at this juncture. Rather than taking the time to prepare and file the Defendant CargoSprint's Response, legal counsel for Defendant CargoSprint should have utilized the same amount of time to finish reviewing the protocol that the undersigned provided them with setting forth the parameters for the inspection of the parties' platforms by the third-party expert, and the Plaintiff's Motion for Inspection should simply have been disposed of with an Agreed Order, as Defendant CargoSprint has technically already agreed to it and there is no reason why the Court should waste its time and resources ruling on a motion that the parties have already mutually agreed to.

6. In its Response, Defendant CargoSprint makes reference to a delay by Plaintiff to provide the proposed protocol for the inspection, and argues that "[a]ny delay in the implementation of the procedure for appointment of an independent expert has been entirely caused by Plaintiff." However, Defendant CargoSprint's counsel fails to recognize that Defendant CargoSprint could have just as well prepared and submitted to Plaintiff's legal counsel a proposed protocol or, at a minimum, inquired to see how Defendant CargoSprint could assist in the development of the protocol. As previously stated in this reply and also in pleadings and motions filed in this case, because this case involves trade secrets and confidential information, there is a greater need for confidentiality and care when it comes to the handling of this confidential information. Indeed, the Court should note that the parties have entered into a Protective Order and subsequently an Amended Protective Order so as to protect each other's confidential information and trade secrets.

7. The protocol Plaintiff alone developed and proposed to Defendant CargoSprint took time to develop to make sure that both Plaintiff's and Defendant CargoSprint's systems are well protected, while at the same time allowing for a knowledgeable third-party expert room to inspect the systems and ascertain whether or not trade secrets have been compromised.

8. At no point in time has Defendant CargoSprint assisted Plaintiff in any way to provide any parameter for the protocol, which Plaintiff took it upon itself to develop.

9. Additionally, during the time the protocol was being developed, Plaintiff's legal counsel suffered a medical issue which delayed the process.

10. Notwithstanding, Plaintiff sent Defendant CargoSprint the proposed detailed protocol and Defendant CargoSprint has had ample time to review it and, at a minimum, advise whether or not it agrees with the protocol and whether any changes are warranted.

11. The Court should be appraised that, albeit the foregoing, Plaintiff is being delayed in getting the independent expert appointed although Defendant CargoSprint has already agreed to

the appointment of one. Plaintiff's legal counsel has asked on several occasions for Defendant CargoSprint to recommend the party which is to be the independent third-party expert, but Defendant CargoSprint has failed to provide any recommendation to this date. Plaintiff may very well agree to whoever Defendant CargoSprint proposes, but it has not proposed anyone although having adequate time to do so.

12. One only needs to look at the past history of this case since Defendant CargoSprint was brought in to see how Defendant CargoSprint has been reluctant to allow Plaintiff them to conduct the discovery needed in this case.

13. First, Defendant CargoSprint did not agree to allow the much needed extension of the Court's Scheduling Order to allow discovery to take place, making it impossible to conduct discovery as, when Defendant CargoSprint was brought into the case, there was no Amended Scheduling Order to conduct the discovery necessary on the new Defendants that were added to the lawsuit, i.e. Defendant CargoSprint and Defendant Wale Up, LLC. Notwithstanding, knowing that they had just been added and that no discovery at all had been conducted on them as new Defendants coming into the case, Defendant CargoSprint reluctantly agreed to entering into an Amended Scheduling Order, basically wanting the clock to run out on Plaintiff to conduct discovery and prepare its case for trial.

14. Additionally, Defendant CargoSprint objected to and fought against the amendment of the Protective Order, objecting to Plaintiff's in-house legal counsel Jason Weber, Esq.'s being able to see and review attorneys' eyes only information- which the parties finally settled and resolved, but which in the meantime has prevented the conducting of discovery.

15. Plaintiff's legal counsel has conferred with Defendant CargoSprint throughout this case to reach agreements on all matters including this pending Motion to Inspect.

16. At this time, the more common and practical approach to move things along would be for the Court to enter an Order granting Plaintiff's Motion for Inspection appointing an independent expert to look at the parties' respective platforms and to set a date for the parties to agree to the protocol and for the selection of an independent expert.

17. As the Court is aware, this stage of the proceeding where a third-party independent expert looks and reviews trade secret information of the parties is a time-consuming process. In the meantime, we are fast approaching deadlines once again, albeit having previously represented to the Court that we needed a certain amount of time only but as is evident, primarily from Defendant CargoSprint's actions, Plaintiff is suffering again a time constraint within which it must complete inspection of the parties' platforms and to conduct the necessary discovery in this case.

18. Based on the foregoing, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Inspect, and order the parties to agree to a protocol for the inspection of the parties' platforms' and to select a third-party independent expert within seven (7) days from the entry of the Court's Order.

**WHEREFORE**, Plaintiff, PayCargo, LLC, respectfully requests that this Honorable Court grant Plaintiff's Motion to Inspect, order the parties to agree to a protocol for the inspection of the parties' platforms' and to select a third-party independent expert within seven (7) days from the entry of the Court's Order, and enter any other and further relief as the Court deems appropriate.

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 4th day of June, 2021, a copy of this Motion was mailed and emailed to Gustavo D. Lage, Esq., glage@smgglaw.com, Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado LLP, 201 Alhambra Cir., Suite 1205, Coral Gables, Florida 33134, attorneys for Defendants Pavel Galbreath and Wale Up, LLC; and Noah H. Rashkind, Esq.,

nrashkind@lottfischer.com, Dylan H. Smith, Esq., dsmith@lottfischer.com, Giulia C. Farrior, gfarrior@lottfischer.com, Lott & Fischer, PL, 255 Aragon Ave., Coral Gables, FL 33134, attorneys for Defendant Galbreath, LLC.

          Respectfully submitted,

          MARCUS LAW CENTER, LLC
          2600 Douglas Rd., Suite 1111
          Coral Gables, FL 33134
          Tel: (305) 507-1203

          */s/ Alan K Marcus*
          _____
          Alan K. Marcus, Esq.
          Fla. Bar No. 266116
          amarcus@marcuslawcenter.com

          XANDER LAW GROUP, P.A.
          One NE 2nd Avenue, Suite 200
          Miami, Florida 33132
          Tel: (305) 767-2001
          Fax: (855) 926-3370

          */s/ Wayne R. Atkins*
          _____
          Wayne R. Atkins
          Fla. Bar No. 84000
          wayne@xanderlaw.com
          service@xanderlaw.com
          Attorneys for Plaintiff