UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-22885-Williams/Torres

-------------------------------------------- x
PAYCARGO, LLC,

*Plaintiff*,

-against-

PAVEL GALBREATH aka
PASHA GALBREATH aka
PASHA PROBIV, WALE UP LLC and
CARGOSPRINT LLC

*Defendant*.
-------------------------------------------- x

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**
**AND INCORPORATED MEMORANDUM OF LAW**

**COMES NOW**, Plaintiff, PayCargo, LLC, ("Plaintiff"), by and through its undersigned legal counsel, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, and files this Motion For Protective Order And Incorporated Memorandum Of Law moving the Court to enter the attached Stipulated Protective Order, and in support thereof states as follows:

## PROCEDURAL HISTORY

This lawsuit began as a claim by Plaintiff against Defendant Pasha Probiv ("Probiv") and subsequently evolved against Defendants CargoSprint, LLC ("CargoSprint") and Wale Up, LLC ("Wale Up") for misappropriation of trade secrets, breach of contract, and permanent injunction. Defendant CargoSprint is a direct competitor of PayCargo, and, although discovery is still ongoing, PayCargo asserts that CargoSprint misappropriated trade secrets of PayCargo and has been implementing them in its own payment platform and system architecture in the conducting of its daily business.

When this case was initiated, the only Defendant was Defendant Probiv. Defendant Probiv was first represented by legal counsel and subsequently proceeded *pro se*. On February 22, 2021, Plaintiff and Defendant Probiv entered into a Protective Order [D.E. 37] with confidentiality language establishing “Confidential” and “Attorneys Eyes Only” (“AEO”) classifications based on the potentially sensitive nature of the anticipated discovery concerning Plaintiff’s payment platform and system architecture, most notably Plaintiff’s payment system’s source code.

Subsequently, through the Plaintiff’s First Amended Complaint [D.E. 45], Plaintiff added the two company Defendants CargoSprint and Wale Up. It is important to note that CargoSprint is the direct competitor of Plaintiff and that Wale Up is Defendant Probiv’s company. It is also important to note that, as of April 9, 2021, Probiv has been represented by legal counsel and is no longer proceeding *pro se* in this case.

Based on the foregoing, there is a need to modify the Protective Order entered on February 22, 2021, [D.E. 37] to (1) include the two newly added Defendants CargoSprint and Wale Up and (2) exclude Defendant Probiv from having access to AEO information as he is now represented by legal counsel. It is of paramount importance that the Protective Order [D.E. 37] be amended so that the parties may be able to conduct discovery, including production of key and confidential documents and the taking of approximately fourteen depositions and Rule 30(B)(6) depositions which the parties have already started coordinating but which cannot take place until the Amended Protective Order is entered into as it is anticipated that numerous confidential documents including documents containing trade secret information will be produced.

On April 15, 2021, PayCargo submitted to Defendants’ respective legal counsel a proposed Amended Protective Order establishing the necessary confidentiality between all parties and attorneys involved with respect to all present and future discovery being conducted in this case.

To date, all parties have agreed to a final version of a Stipulated Protective Order, a copy of which is attached as **Exhibit A** hereto.

**ARGUMENT**

1. This case involves trade secrets, confidential and other proprietary information of Plaintiff and Defendant CargoSprint, LLC.

2. Plaintiff alleges in this case that the Defendant Wale Up, LLC and Defendant Pasha Probiv caused the unauthorized disclosure of trade secrets, confidential and other proprietary information to the Defendant CargoSprint, LLC, a direct competitor of Plaintiff, and that Defendant CargoSprint, LLC has improperly utilized Plaintiff's trade secrets, confidential and other proprietary information to improve its own business.

3. A substantial part of discovery in this case involves dwelling into both Plaintiff's and Defendant CargoSprint, LLC's business platforms, and inquiring about each other's delicate business information, which includes trade secrets, confidential and other proprietary information.

4. Based on the foregoing, a protective order is needed to preserve the confidentiality of this sensitive information of both Plaintiff and Defendant CargoSprint, LLC.

5. "Pursuant to Federal Rule of Civil Procedure 26(C)(1)(G), a court 'may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense' by 'requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.'" Corcel Corp. v. Ferguson Enterprises, Inc., 291 F.R.D. 680, 681 (S.D. Fla. 2013).

6. The Eleventh Circuit analyzes four factors in determining whether "good cause" exists in this context: "'[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of

the order.'" Id., *quoting* In re Alexander Grant & Co. Litigation, 820 F.2d 352, 356 (11th Cir. 1987).

7. These factors weigh in favor of a protective order being entered here.

8. The anticipated discovery surrounding Plaintiff's trade secrets and proprietary information establishes a need for such an order. *See* Core Labs. LP v. AmSpec, LLC, CV 16-00526-CG-N, 2017 WL 11444537, at *1 (S.D. Ala. May 22, 2017) ("The disclosure of confidential information on an 'attorneys' eyes only' basis is a routine feature of civil litigation involving trade secrets." (citation omitted)).

9. The proposed Stipulated Protective Order is attached hereto as Exhibit A.

10. On May 28, 2021, legal counsel for CargoSprint, LLC emailed Plaintiff's legal counsel and sent the final version of the proposed Stipulated Protective Order and advised that they would circulate a joint notice regarding the resolution of Plaintiff's motions dealing with the stipulated amended protective order. The Joint Notice was filed on May 28, 2021. However, the final version of the proposed Stipulated Protective Order was never filed with the Court and, therefore, Plaintiff is now filing this Motion for the entry of the proposed Stipulated Protective Order, Exhibit A hereto. A copy of this Defendant CargoSprint, LLC's email of May 28, 2021 is attached as Exhibit B hereto.

11. Prior to filing this Motion, undersigned legal counsel conferred with legal counsel for Defendants CargoSprint, LLC, Wale Up, LLC, and Pasha Probiv as to the need for a Protective Order in this case in compliance with Local Rule 7.1(a)(3). All legal counsel have met and conferred and agreed to the final version of the protective order which is attached as Exhibit A hereto.

12. Additionally, legal counsel for CargoSprint has represented to the undersigned that CargoSprint does not oppose the relief requested in this Motion, but does not necessarily agree with, or adopt, many of the arguments or factual allegations made in this Motion.

13. Likewise, legal counsel for Defendants Galbreath and Wale Up has represented to the undersigned that Defendants Galbreath and Wale Up do not oppose the relief requested in this Motion, but do not necessarily agree with, or adopt, many of the arguments or factual allegations made in this Motion

**WHEREFORE**, Plaintiff, PayCargo, LLC, respectfully requests that this Honorable Court grant this Motion and enter the Protective Order attached hereto as Exhibit A, and enter any other and further relief as the Court deems appropriate.

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 7th day of June, 2021, a copy of this Motion was mailed and emailed to Gustavo D. Lage, Esq., glage@smgglaw.com, Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado LLP, 201 Alhambra Cir., Suite 1205, Coral Gables, Florida 33134, attorneys for Defendants Pavel Galbreath and Wale Up, LLC; and Noah H. Rashkind, Esq., nrashkind@lottfischer.com, Dylan H. Smith, Esq., dsmith@lottfischer.com, Giulia C. Farrior, gfarrior@lottfischer.com, Lott & Fischer, PL, 255 Aragon Ave., Coral Gables, FL 33134, attorneys for Defendant Galbreath, LLC.

Respectfully submitted,

MARCUS LAW CENTER, LLC
2600 Douglas Rd., Suite 1111
Coral Gables, FL 33134
Tel: (305) 507-1203

*/s/ Alan K Marcus*

Alan K. Marcus, Esq.

Fla. Bar No. 266116
amarcus@marcuslawcenter.com

XANDER LAW GROUP, P.A.
One NE 2nd Avenue, Suite 200
Miami, Florida 33132
Tel: (305) 767-2001
Fax: (855) 926-3370

*/s/ Wayne R. Atkins*

Wayne R. Atkins
Fla. Bar No. 84000
wayne@xanderlaw.com
service@xanderlaw.com
Attorneys for Plaintiff