# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 20-22885-Civ-WILLIAMS/TORRES

PAYCARGO, LLC,

    Plaintiff,

v.

PAVEL GALBREATH a/k/a PASHA
GALBREATH a/k/a PASHA PROBIV,
WALE UP LLC and CARGOSPRINT, LLC,

    Defendants.
_____/

## ORDER ON MOTION TO COMPEL

This matter is before the Court on PayCargo, LLC's ("Plaintiff") motion to compel an inspection of CargoSprint, LLC's ("Defendant") platform or, in the alternative, a motion for the Court's appointment of a third-party independent expert. [D.E. 87]. Defendant responded to Plaintiff's motion on May 28, 2021 [D.E. 126] to which Plaintiff replied on June 4, 2021. [D.E. 130]. Therefore, Plaintiff's motion to compel is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authorities, and for the reasons discussed below, the motion to compel is **DENIED**.

## I. ANALYSIS

Plaintiff seeks to compel Defendant to make its platform on cargo logistics and payment systems available for an independent inspection. Plaintiff says that this is necessary because it must determine whether Defendant misappropriated any trade secrets in developing a competing platform. Plaintiff's alternative proposal is for the Court to appoint a special master to locate and isolate all relevant information. Plaintiff claims that Defendant objects to these proposals because the systems are protected trade secrets and otherwise constitute confidential information. Thus, Plaintiff requests that the Court compel Defendant to either make its platform available for examination or otherwise appoint an independent special master to locate all misappropriated trade secrets.

Plaintiff's motion lacks merit for several reasons. The motion first violates the Court's Standing Order on Discovery Procedures (the "Standing Discovery Order") where it prohibits the filing of discovery motions. This is also not the first time that Plaintiff has disregarded this requirement because the Court has already denied two prior motions for Plaintiff's failure to set disputes on the discovery calendar as opposed to filing written motions.[1] [D.E. 118, 125]. Hence, the motion is procedurally defective and subject to denial for this reason alone.

The second reason Plaintiff's motion falls short is because it fails to comply with Local Rule 7.1(a)(3). That rule requires parties to meet and confer prior to the filing of a motion, except for certain exceptions that do not apply here. *See* S.D. Fla.

---

[1] The parties are cautioned that any additional failures to comply with the Standing Discovery Order may lead to sanctions.

L.R. 7.1(a)(3) (stating that "the movant shall confer . . . or make reasonable effort to confer . . . with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion."). Yet, based on this record, it is entirely unclear how and to what extent Plaintiff attempted to confer. All that Plaintiff says is that it conferred with Defendant and that opposing counsel failed to provide a position on the relief sought. But, without any additional details on those efforts, it is unclear if Plaintiff ever conferred in the first place. [D.E. 87 at 3 ("[E]ven though good faith effort was made to confer with counsel for Defendant CargoSprint, LLC, the undersigned counsel has not received Defendant CargoSprint, LLC's position on this motion.")].

Plaintiff also failed to comply with a separate prerequisite of Local Rule 7.1(a)(3) where it instructs parties to certify, at the end of their motion, the specific efforts taken to resolve the dispute:

> (A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement (including the date, time, and manner of each effort), but has been unable to do so.

L.R. 7.1(a)(3). Plaintiff has done none of the above and this provides an additional reason to deny the motion altogether. *See id*. ("Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order

3

to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.").

Putting aside these shortcomings, Plaintiff's motion is unpersuasive on the merits because, in its reply brief, Plaintiff states that the parties have reached an agreement on allowing a third-party independent expert to inspect each other's platforms. [D.E. 130 at 2 ("Defendant CargoSprint has been in agreement to the appointment of an independent expert to inspect both parties' platforms resolving Plaintiff's Motion.")]. This is the precise reason Local Rule 7.1 exists because, due to the failure to confer on an issue that has now been resolved, the filing of Plaintiff's motion has led to a waste of judicial resources and time taken away from other matters.

Plaintiff suggests, however, that the motion remains ripe for disposition because the parties are unable to reach an agreement on a proper protocol for the inspection. Plaintiff requests, for instance, that the Court grant the motion, appoint an independent expert, and set a date for the parties to agree on a protocol. We decline to do so because Plaintiff has failed to explain, for a second time, how the parties have met their conferral obligations as required under Local Rule 7.1. And we refuse to allow parties to trample on the Local Rules at their convenience. The relief Plaintiff seeks is also now different than the originally filed motion and that cannot stand because "a reply in support of a motion is an inappropriate place to first raise a request for affirmative relief." *Transatlantic Lines LLC v. Portus*

4

*Stevedoring LLC*, 2015 WL 4555375, at *4 (S.D. Fla. July 28, 2015). Accordingly, Plaintiff's motion to compel is **DENIED**.

## II. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion to compel [D.E. 87] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 15th day of June 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge