UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-22885-Williams/Torres

---------------------------------------------- x
PAYCARGO, LLC,

     *Plaintiff*,

  -against-

PAVEL GALBREATH aka
PASHA GALBREATH aka
PASHA PROBIV, WALE UP LLC and
CARGOSPRINT LLC

     *Defendant*.
---------------------------------------------- x

## STIPULATED PROTECTIVE ORDER

    Whereas, Plaintiff PayCargo, LLC ("Plaintiff"), and Defendants Pavel Galbreath a/k/a Pasha Galbreath a/k/a Pasha Probiv, Wale Up LLC, and CargoSprint LLC (collectively "Defendants") (all hereafter, the "Parties to this Action"), believe that certain information that is or will be encompassed by discovery demands by the Parties to this Action involves the production or disclosure of trade secrets, confidential business information, and/or other proprietary information;

    Whereas, the Parties to this Action seek a protective order limiting disclosure thereof in accordance with Federal Rules of Civil Procedure 26(c);

    Therefore, it is hereby stipulated among the Parties to this Action and, for good cause shown, the following is ORDERED:

    1.    **Scope**. All documents (including electronically stored information) produced in the course of discovery, including responses to discovery requests, all deposition testimony and exhibits, documents produced by third parties subject to subpoena, other materials which may be subject to restrictions on disclosure for good cause, and information derived directly therefrom

1

(hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. The Order is also subject to the Local Rules of this Court and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation**. Any party or third party responding to a subpoena or other discovery request, including a request for production of documents, may designate documents as confidential and restricted in disclosure upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical information, proprietary business information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available under this Order, by placing or affixing the word "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document, or, if that is not possible, by placing the document in a container which prominently states "CONFIDENTIAL" or including the word "CONFIDENTIAL" in the name of an electronic file. Any party or third-party responding to a subpoena or other discovery request, including a request for production of documents, may also designate documents as "ATTORNEYS' EYES ONLY" for such materials as it (A) reasonably and in good faith believes to contain particularly sensitive information relating to research for and production of products or services; technical, business, and research information regarding future products or services; non-public and highly sensitive financial information; marketing and sales information, such as marketing plans and forecasts, customer lists, pricing data, cost data, vendor, talent or supplier lists and communications with vendors, talent or suppliers and financial information relating to same; or such other documents, information, or materials that relate to other proprietary information; and (B) reasonably and in good faith believes that public revelation of the information would cause

competitive injury to the producing party. Documents shall be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated "CONFIDENTIAL" Or "ATTORNEYS' EYES ONLY."** Any party or third party in response to a subpoena or other discovery request, including a request for production of documents, may designate documents as "CONFIDENTIAL" upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical information, proprietary business information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Any party or third party in response to a subpoena or other discovery request, including a request for production of documents, may designate as "ATTORNEYS' EYES ONLY" such materials as it (A) reasonably and in good faith believes to contain particularly sensitive information relating to research for and production of products or services; technical, business, and research information regarding future products or services; non-public and highly sensitive financial information; marketing and sales information, such as marketing plans and forecasts, customer lists, pricing data, cost data, vendor, talent or supplier lists and communications with vendors, talent or suppliers and financial information relating to same; or such other documents, information, or materials that relate to other proprietary information; and (B) reasonably and in good faith believes that public reveal of the information cause competitive injury to the producing party.

Public records or other information or documents that are publicly available in the form in which they are possessed by the Parties to this Action may not be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

4. **Depositions**. Deposition testimony shall be deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Thereafter, the deposition transcripts and any of those portions so designated shall be protected as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," pending objection, under the terms of this Order. Deposition testimony (even where not yet transcribed) and any accompanying exhibits shall be deemed "ATTORNEYS' EYES ONLY" prior to transcription and for a period of fourteen (14) calendar days after the transcription of said deposition, but said designation will expire at the conclusion of that fourteen-day period unless Defendants or Plaintiff designate portions of said testimony as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by letter or e-mail to the other parties.

5. **Protection of "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" Material.**

   a. **General Protections**. Documents designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Order shall not be used or disclosed by the Parties to this Action, counsel for the Parties to this Action, or any other person identified in Paragraph 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery, hearings, and trial in this action, including any appeal thereof.

b. **Limited Third-Party Disclosures**. The Parties to this Action and counsel for the Parties to this Action shall not disclose or permit the disclosure of any "CONFIDENTIAL" documents to any third person or entity except as set forth in section 5(b) subparagraphs (1), (2), (4), (5), and (6), and counsel for the Parties to this Action shall not disclose or permit the disclosure of any "ATTORNEYS' EYES ONLY" documents to any third person or entity except as set forth in section 5(b) subparagraphs (1), (3), (4), (5), and (6). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

1. **Counsel**. Outside counsel for the Parties to this Action and employees and agents of counsel who have responsibility for the preparation and trial of the action or related actions;

   - **In-House Counsel**. Pursuant to his sworn representation that he is not involved in competitive-decision making activities for Plaintiff, Plaintiff's in-house counsel, Jason H. Weber, Esq. shall have access to "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" information and documents under the terms of this Protective Order, excluding, however, information and documents in the following categories which shall be further designated "NOT FOR IN-HOUSE COUNSELS' EYES":

     - computer code, including source code which shall be defined as follows:

       Source code is considered to be all code in the entities' formal or informal software code

5

       repositories including but not limited to developer or engineer computer systems, file or data storage locations, external storage devices, cloud or other third party storage locations or software code repositories, email, or any location where developers, engineers, or other individuals having access to the software code may have stored or copied software code. The scope of source code shall include software code, scripts, documentation and other materials providing functionality and support to the applications, databases, user-interface design and implementation, and other systems including APIs.

- access to the CargoSprint platform;

- information regarding money flows in the CargoSprint platform;

- customer, vendor or supplier lists;

- pricing information; and

- negotiations with customers, vendors, or suppliers.

No other in-house counsel for any of the parties shall have access to "ATTORNEYS' EYES ONLY" information or documents. In the event a disclosing party become aware of other categories of information that should be excluded from Mr. Weber's access, the parties shall cooperate in good faith to revise the above list.

2. **Parties**. Parties to this Action and employees of a party subject to this Order, other than In-House Counsel, except that:

- Defendant Pavel Galbreath a/k/a Pasha Galbreath a/k/a Pasha Probiv ("Galbreath"), now represented by legal counsel, shall have access to "CONFIDENTIAL" information and documents under the terms

of this Protective Order, excluding, however, information and documents in the following categories which shall be further designated "NOT FOR GALBREATH'S EYES":

- computer code, including source code which shall be defined as follows:

  Source code is considered to be all code in the entities' formal or informal software code repositories including but not limited to developer or engineer computer systems, file or data storage locations, external storage devices, cloud or other third party storage locations or software code repositories, email, or any location where developers, engineers, or other individuals having access to the software code may have stored or copied software code. The scope of source code shall include software code, scripts, documentation and other materials providing functionality and support to the applications, databases, user-interface design and implementation, and other systems including APIs.

- access to the PayCargo platform;

- information regarding money flows in the PayCargo platform;

- customer, vendor or supplier lists;

- pricing information; and

- negotiations with customers, vendors, or suppliers.

In the event a disclosing party becomes aware of other categories of information that should be excluded from Mr. Galbreath's access, the parties shall cooperate in good faith to revise the above list.

3. **Limited Purpose Party Representatives**. If counsel believes in good faith that it is necessary to disclose any ATTORNEYS' EYES ONLY material to a client representative in order to receive context or information regarding the relevance or meaning of the ATTORNEYS' EYES ONLY material—in the interest of efficiently litigating the matter—counsel shall do the following:

- Identify a client representative that counsel determines would be able to provide the desired context or information regarding the specific material;

- Ask opposing counsel if they consent to disclosure of the specific ATTORNEYS' EYES ONLY material to the designated client representative. If opposing counsel consents, the designated client representative must sign the "Agreement To Be Bound By Stipulated Protective Order," attached hereto as Attachment A, before the ATTORNEYS' EYES ONLY material may be disclosed to the client representative;

- If opposing counsel does not consent, counsel shall schedule a status conference with the Court, at which time the Court will determine whether the ATTORNEYS' EYES ONLY material may be disclosed to the identified client representative.

4. **Court Reporters, Interpreters, and Recorders**. Court reporters, interpreters, videographers, stenographers, and recorders engaged for depositions;

5. **Consultants, Investigators and Experts**. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the Parties to this Action or counsel for the Parties to this Action to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Agreement to be Bound by Stipulated Protective Order.; and

6. **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, "Agreement to be Bound by Stipulated Protective Order**."**

c. **Control of Documents**. Counsel for the Parties to this Action shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

6. **Source Code.** Any source code produced in discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be made available in a format allowing it to be reasonably reviewed and searched. Review of the source code shall occur on a secured computer that is not connected to the internet and is not connected to other computers that are connected to the internet, and the person reviewing such material shall not copy,

remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The person reviewing such material may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. The designating party shall provide all such source code in paper form including bates numbers and, if applicable, the label "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The designating party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth herein. The person to whom such material is produced shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The person to whom such material is produced shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The person to whom such material is produced shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The person to whom such material is produced shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the designating party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual. However, any deposition exhibits that include paper copies of source code shall be marked as exhibits for the record, and copies of such exhibits shall be securely maintained by counsel for the parties.

7.     **Inadvertent Production**. The inadvertent production of any document or information during discovery in this action shall be without prejudice to any claim that such material is privileged under the attorney-client privilege, work-product doctrine, or any other legally recognized privilege, or constitutes trade secrets, and no party shall be held to have waived any rights by such inadvertent production, so long as the inadvertently producing party notifies the receiving party within a reasonable time.  Upon timely written request by the inadvertently producing party, the receiving party shall (1) return or sequester the original and all copies of such documents and (2) shall not use such information for any purpose unless allowed by Order of the Court.

If any document or information is inadvertently produced without a designation of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the party or third party responding to a subpoena that inadvertently produced the document or information without the appropriate designation may notify the party or parties that received the document or information and instruct any receiving party to promptly return, sequester, or destroy the specified document or information and any copies it may have.  The party or third party responding to a subpoena or other discovery request, including a request for production of documents, must reproduce the document(s) with the appropriate designation of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Any party that receives any document or information that was inadvertently produced without a designation of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," and that receives timely notice from the producing party of the inadvertent production, must not use or disclose the document or information and must take reasonable steps to retrieve the document or information, if the party disclosed it before being notified of the inadvertent production.

8. **Filing of "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" Documents Under Seal.** To the extent that a brief, memorandum or pleading references any document marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

   a. This Order does not authorize filing protected materials under seal, except where expressly provided otherwise. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Florida L. R. 5.4.

   b. If a Party to this Action wishes to file any confidential information with the Court, it shall do everything necessary to ensure that such information is impounded, kept under seal, and unavailable to the public, including observing all requirements of Southern District of Florida Local Rules, including its provisions regarding the filing of motions to seal. All "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents and/or information filed with the Court shall be filed in accordance with Local Rule 5.4(b) governing the filing of sealed documents.

   c. If the Court does not permit the filing under seal of a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" document, the Parties to this Action shall confer in good faith so that the confidentiality of designated documents is preserved at all times. If filing of a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" document under seal is ultimately and finally refused by the Court after a motion under Local Rule 5.4(b), the document shall not be filed with the Court unless

express permission is given by the producing party for such filing. If a document or thing produced cannot conveniently be marked as required by this Order, the Parties to this Action shall confer and agree in writing on an appropriate way of marking or otherwise identifying as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" such document or thing.

d. To the extent that it is necessary for a party to disclose or discuss the content of any document marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in a written brief, memorandum or pleading, then the entire written brief, memorandum or pleading shall be filed under seal upon motion and for good cause shown, including the legal basis for filing under seal, or redacted in a manner sufficient to protect the public disclosure of such information.

9. **Challenges by a Party to Designation as "CONFIDENTIAL."** Any "CONFIDENTIAL" designation is subject to challenge by any party or non-party with standing to object (hereinafter "objecting party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the "CONFIDENTIAL" designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and nature of the agreement.

10. **Challenges by a Party to Designation as "ATTORNEYS' EYES ONLY."** If a party disputes the designation of any material as "ATTORNEYS' EYES ONLY," counsel for the disputing party shall notify counsel for the producing party. No later than five (5) business days after receiving that notice, counsel will meet and confer in a good faith effort to resolve the dispute. If the parties are unable to resolve their dispute, the objecting party may file a motion

under seal and submit the disputed material for *in camera* review, and the party that made the designation shall file an opposition within five (5) business days thereafter. The Court, at its discretion, will conduct a telephone status conference to resolve the dispute and may grant relief that it deems appropriate.

11. **Action by the Court**. Applications to the Court for an order relating to any documents designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be by motion (or by employing the Magistrate's "discovery calendar" process) and in accordance with any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

12. **Use of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Documents or Information at Trial/Hearing**. All trials/hearings are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial/hearing. If a party intends to present at trial/hearing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents or information derived therefrom, such party shall provide advance notice to the other party or third party that produced the documents or information in response to a subpoena or other discovery request, including a request for production of documents, at least five (5) business days before the commencement of trial/hearing by identifying the documents or information at issue as specifically as possible (*i.e.*, by Bates number, page range, deposition transcript lines, etc.) without divulging the actual "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial/hearing. No

such document may be offered into evidence unless the Court has first approved its submission. The attempted introduction or introduction of such evidence shall be subject to further Order of the Court following an *in-camera* review and hearing arguments of counsel.

13. **Obligations Upon Conclusion of Litigation**.

    a. **Order Remains in Effect**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal and the Court shall retain jurisdiction to hear any disputes arising under this Order.

    b. **Return of "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" Documents**. One year after dismissal or entry of final judgment not subject to further appeal, all documents treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Order, including all copies, shall be returned to the producing party or third party, and all electronic copies thereof deleted from the receiving party's records and files, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; (3) any time after entry of final judgment not subject to further appeal, and prior to the one year period mentioned above, the producing party requests in writing the return of the documents; or (4) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work-product, including an index which refers or relates to information designated "CONFIDENTIAL" or "ATTORNEYS'

EYES ONLY," so long as that work-product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work-product shall continue to be "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Order. An attorney may use his or her work-product in a subsequent litigation provided that its use does not disclose or use "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents.

c. **Return of Documents Filed Under Seal**. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the Parties to this Action, or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

14. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under any applicable local rule and the presiding judge's standing orders or other relevant orders.

15. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue. Nor does this Order constitute a waiver of any party's rights to object to discovery on any grounds.

16. **Third Party Discovery.** A copy of this order shall accompany (a) any subpoena issued to a third party in this case; (b) any other discovery request issued to a third party in this case.

17. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

IT IS SO ORDERED.

/s Edwin G. Torres
United States Magistrate Judge