UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-22885-WILLIAMS/TORRES

PAYCARGO, LLC,

    Plaintiff,

v.

PAVEL GALBREATH, *et al.*,

    Defendants.

_____/

### ORDER ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S CO-COUNSEL

This matter is before the Court on Plaintiff PayCargo, LLC's ("PayCargo") motion to strike Defendant Pasha Probiv's ("Probiv") motion to disqualify PayCargo's co-counsel Jason Weber. [D.E. 169]. Probiv responded in opposition on November 22, 2021. [D.E. 171]. PayCargo has not filed a reply, and the time to do so has since passed. Therefore, PayCargo's motion is now ripe for disposition. After careful consideration of the filings and relevant authorities, and for the reasons discussed below, PayCargo's motion to strike is **GRANTED in part** and **DENIED in part**, and Probiv is given leave to file an amended motion to disqualify PayCargo's co-counsel Jason Weber under seal.[1]

### I.    BACKGROUND

On July 13, 2020, PayCargo filed its initial complaint against Probiv, which

---

[1] On July 15, 2020, the Honorable Kathleen M. Williams referred all non-dispositive pretrial motions to the undersigned for disposition. [D.E. 4].

alleged various claims concerning breach of contract and misappropriation of trade secrets. [D.E. 1]. In light of the litigation's confidential nature, this Court entered a stipulated protective order that provides, in relevant part:

> Deposition testimony (even where not yet transcribed) and any accompanying exhibits shall be deemed "ATTORNEYS' EYES ONLY" prior to transcription and for a period of fourteen (14) calendar days after the transcription of said deposition, but said designation will expire at the conclusion of that fourteen-day period unless Defendants or Plaintiff designate portions of said testimony as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by letter or e-mail to the other parties.

[D.E. 135 at 4].

On November 1, 2021, Probiv, who represents himself in this lawsuit, deposed Olivier Carissimo, one of PayCargo's current agents and/or employees ("Carissimo"). Pursuant to the stipulated protective order, Carissimo's deposition testimony was automatically deemed "ATTORNEYS' EYES ONLY" until 14 days after transcription, which occurred on November 5, 2021. Therefore, at a minimum, Carissimo's deposition should have avoided public scrutiny until November 19, 2021.

Despite the terms of the stipulated protective order, Probiv filed excerpts from Carissimo's deposition on the public docket on November 15, 2021. [D.E. 167-1]. In Probiv's view, these excerpts from Carissimo's deposition support his motion to disqualify PayCargo's co-counsel Jason Weber (the "Disqualification Motion"). [D.E. 167]. Probiv also filed an arrest record from 2019, which PayCargo believes to have been expunged under Florida law and which, therefore, presents a different set of privacy concerns. [D.E. 167-1]. Nevertheless, Probiv, who acknowledged in his

2

Local Rule 7.1 certification that PayCargo instructed him to file the Disqualification Motion and its exhibits under seal, apparently failed to comply with the stipulated protective order by filing the Disqualification Motion, along transcripts from Carissimo's deposition, on the public docket before the expiration of the automatic "ATTORNEYS' EYES ONLY" designation.  [D.E. 167, ¶ 23].

PayCargo then promptly moved to strike the Disqualification Motion from the docket [D.E. 169] and to seal its contents pending resolution of the motion to strike [D.E. 170].  As part of its motion to strike the Disqualification Motion, PayCargo also asked the Court to enter an Order to Show Cause against Probiv regarding why he violated the stipulated protective order.  [D.E. 169 at 3].  Soon thereafter, Judge Williams ordered the sealing of the Disqualification Motion and its exhibits [D.E. 167], the motion to strike [D.E. 169], the motion to seal [D.E. 170], and Probiv's response in opposition to PayCargo's foregoing motions [D.E. 171].  [D.E. 179].

## II.   ANALYSIS

Without reaching the merits of Probiv's Disqualification Motion, the Court finds that Probiv's filing of the unredacted Disqualification Motion, which attached excerpts from Carissimo's deposition, on the public docket prior to the expiration of the 14-day "ATTORNEYS' EYES ONLY" hold was a violation of the stipulated protective order.  As such, it should be stricken from the record of this case.

But whether Probiv should be sanctioned for this obvious error is another matter that necessitates an observation regarding the current stay order.  [D.E.

3

181]. On November 9, 2021, PayCargo filed a motion to voluntarily dismiss the case without prejudice. [D.E. 163]. Defendants responded in opposition on November 23, 2021. [D.E. 172; 173; 174]. Accordingly, on November 29, 2021, with the exception of PayCargo's reply, Judge Williams stayed all remaining pretrial deadlines pending the resolution of PayCargo's motion to dismiss. [D.E. 181].

If it is necessary after PayCargo's pending motion to dismiss is resolved, Judge Williams intends to enter a separate order setting forth amended deadlines. [D.E. 181]. In light of the fact that, as of this writing, all pretrial deadlines are stayed, the Court declines to enter an Order to Show Cause regarding Probiv's violation of the stipulated protective order. Instead, the Court will grant Probiv leave to file an amended Disqualification Motion under seal.

If Probiv chooses to file an amended Disqualification Motion under seal, PayCargo's response will be subject to the current stay order [D.E. 181]. Accordingly, if the resolution of PayCargo's pending motion to dismiss necessitates lifting the current stay, PayCargo's response to Probiv's amended Disqualification Motion will be due 14 days after the stay is lifted. Moreover, should Probiv file an amended Disqualification Motion, his failure to file it under seal *will result in sanctions* regardless of his beliefs concerning the confidentiality of certain content contained therein.

### III.   CONCLUSION

For the foregoing reasons, the Court **ORDERS** that PayCargo's motion to

strike be **GRANTED in part** and **DENIED in part**:

    A.    PayCargo's motion to strike Probiv's Disqualification Motion is **GRANTED**. The Clerk is instructed to strike [D.E. 167] from the record.

    B.    PayCargo's motion for an Order to Show Cause against Probiv regarding his failure to abide by the stipulated protective order when filing his Disqualification Motion is **DENIED**.

    C.    Probiv has leave to filed an amended Disqualification Motion under seal. Although he is not required to file such a motion, his failure to file it under seal – should he choose to do so – will result in sanctions.

    D.    If necessary, PayCargo may respond to Probiv's amended Disqualification Motion up to 14 days after the stay imposed by [D.E. 181] is lifted by Judge Williams. If such a response is warranted, PayCargo has leave to file its response under seal.

    E.    If necessary, Probiv may reply to PayCargo's response in opposition to his amended Disqualification Motion within seven days of the filing of PayCargo's response. If such a reply is warranted, Probiv has leave to file his reply under seal.

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 10th day of January, 2022.

                                                /s/ *Edwin G. Torres*
                                                EDWIN G. TORRES
                                                United States Magistrate Judge