UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22885-Civ-WILLIAMS/TORRES

PAYCARGO, LLC,

    *Plaintiff,*

v.

PAVEL GALBREATH, WALE UP LLC,
and CARGOSPRINT LLC,

    *Defendants.*

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

This matter is before the Court on Plaintiff's motion for voluntary dismissal without prejudice. [D.E. 163]. Defendants responded in opposition. [D.E. 172, 173, and 174]. Plaintiff replied in support of its motion. [D.E. 183]. The Honorable Kathleen M. Williams, United States District Judge for the Southern District of Florida, referred Plaintiff's motion to the undersigned for consideration of whether the motion should be granted and, if so, what curative conditions should be attached to the requested dismissal without prejudice. [D.E. 195]. Having considered the briefing and the relevant authorities, and being otherwise fully advised in the premises, the Court recommends that Plaintiff's motion be **GRANTED in part** and **DENIED in part** for the reasons discussed below.

1

## *I.     BACKGROUND*

PayCargo, a company that provides an electronic payment platform designed to process payments in the freight and logistics industry, filed this lawsuit against its former Chief Technology Officer in July 2020. The original complaint accused Pavel Galbreath of misappropriating trade secrets, converting confidential and proprietary information, and breaching his employment contract with PayCargo after Galbreath departed the company.

Seven months later, in February 2021, PayCargo filed an amended complaint that added two additional defendants: CargoSprint (PayCargo's competitor and Galbreath's current employer) and Wale Up (Galbreath's consulting firm). Subsequently, in May 2021, PayCargo filed its second amended complaint, which accuses all Defendants of misappropriating trade secrets and accuses Galbreath and Wale Up of breaching their contracts with PayCargo. Defendants subsequently answered the second amended complaint.

Against this procedural backdrop, the parties have engaged in extensive motion practice and discovery – undoubtedly resulting in the accrual of substantial legal fees and expenses. As part of the discovery process, the parties jointly employed a Special Master to review the respective payment platforms of PayCargo and CargoSprint and thereby assess whether aspects of one platform may have been derived from the other. Apparently, the result of the Special Master process did not align with PayCargo's expectations.

After the Special Master process was completed and discovery in this case closed, PayCargo determined that it was unable to "confirm and demonstrate the existence of PayCargo's trade secrets in CargoSprint's platform." Accordingly, eight days after the close of a 14-month discovery window (and only six days before the dispositive pretrial motions deadline), PayCargo moved to voluntarily dismiss the second amended complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

Defendants, by contrast, moved for summary judgment. Accordingly, they submit that PayCargo's motion for voluntary dismissal should either be (1) denied so that the case can be resolved on the merits, (2) granted in part so that the dismissal operates with prejudice and Defendants have the opportunity to recover their litigation costs and attorneys' fees as prevailing parties, or (3) granted in part so that the dismissal operates without prejudice but is accompanied by sufficient curative conditions to protect Defendants' interests.

## II.   ANALYSIS

Rule 41 governs the ability of plaintiffs to dismiss cases without prejudice. In circumstances where a defendant has not yet filed an answer or a motion for summary judgment (whichever occurs first), Rule 41 permits plaintiffs to dismiss cases *without* prejudice and *without* leave of court. However, "[o]nce an answer or a summary judgment motion has been filed, Rule 41(a)(2) permits a plaintiff to dismiss voluntarily an action only 'upon order of the court and upon such terms and conditions

3

as the court deems proper.'" *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (quoting FED. R. CIV. P. 41(a)(2)). Because Defendants in this case have filed their answers and motions for summary judgment, PayCargo may only voluntarily dismiss this action with court approval. Rule 41 provides, in relevant part, the process in which plaintiffs may voluntarily dismiss a case:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a)(2).

When plaintiffs seek court approval for voluntarily dismissing a case, district courts enjoy broad discretion because the purpose of Rule 41 "is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Alamance Industries, Inc. v. Filene's,* 291 F.2d 142, 146 (1st Cir. 1961). Hence, district courts should bear in mind the interests of the defendant because it is the defendant's interests that must be protected. *See LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir. 1976).

"[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit,* as a result." *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 856-57 (11th Cir. 1986) (emphasis in original) (citing *LeCompte,* 528 F.2d at 604); *see also Arias v. Cameron,*

4

776 F.3d 1262, 1268 (11th Cir. 2015) ("Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit.") (citations omitted). "The crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal." *Durham v. Florida East Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir. 1967).

In answering that question, district courts must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *McCants,* 781 F.2d at 857. However, "it is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation." *Id.* (citing *Durham,* 385 F.2d at 368).

The Eleventh Circuit's decision in *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1256 (11th Cir. 2001), is instructive on whether and how to grant PayCargo's motion. In *Pontenberg*, the plaintiff sought to dismiss her cause of action against the defendant without prejudice and the defendant objected. The defendant claimed that a dismissal without prejudice was inappropriate after the discovery period had expired because it had invested considerable resources, financial and otherwise, in defending the case, including the preparation of a pending summary judgment motion. The district court found that the defendant had failed to identify clear legal prejudice and granted the plaintiff's motion. However, the district court also ordered

that costs should be assessed against the plaintiff pursuant to Rule 41(d) if the plaintiff later re-filed her action against the defendant. *See* FED. R. CIV. P. 41(d) ("If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action").

On appeal, the Eleventh Circuit held that the district court did not abuse its discretion in dismissing the lawsuit without prejudice because any practical prejudice suffered was cured by the court's condition that the plaintiff pay the defendant's costs upon re-filing the lawsuit. The Eleventh Circuit also found that "[n]either the fact that the litigation ha[d] proceeded to the summary judgment stage nor the fact that the plaintiff's attorney ha[d] been negligent in prosecuting the case, along or together, conclusively or per se establishe[d] plain legal prejudice requiring the denial of a motion to dismiss." *Id*. (citing *Durham,* 385 F.2d at 366). Along similar lines, the Eleventh Circuit has also upheld dismissals without prejudice that contained conditions prohibiting plaintiffs from re-filing their lawsuits unless they paid the attorneys' fees reasonably incurred by the defendants in defending the dismissed lawsuit. *See Versa Products, Inc. v. Home Depot, USA, Inc.,* 387 F.3d 1325, 1328-29 (11th Cir. 2004); *Roberts Enterprises, Inc. v. Olympia Sales, Inc.,* 186 F. App'x 871, 871 (11th Cir. 2006); *see also Geary v. WMC Mortg. Corp.,* Civ. Action 2006 WL 2532668, *2 (N.D. Ga. 2006) (granting plaintiff's Rule 41(a)(2) "motion only upon the condition" that plaintiff reimburse defendants' attorney's fees reasonably incurred in

6

defending the lawsuit in the event plaintiff subsequently re-filed her claims against defendants).

The first question that we must answer is whether Defendants will suffer clear legal prejudice if we grant PayCargo's motion. In determining whether Defendants will suffer clear legal prejudice, "'the Court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence . . . in prosecuting the action, insufficient explanation for . . . a dismissal, and whether a motion for summary judgment has been filed by the defendant.'" *Peterson v. Comenity Capital Bank*, 2016 WL 3675457, at *1 (M.D. Fla. May 3, 2016) (quoting *Pezold Air Charters v. Phx. Corp.*, 192 F.R.D. 721, 728 (M.D. Fla. 2000)).

Some of these factors weigh in favor of Defendants because they have undeniably incurred considerable fees and expenses by defending this case, including the drafting of several dispositive pretrial motions, employing the Special Master, and litigating numerous discovery issues through this Court's discovery calendar process. Moreover, it appears that PayCargo seeks to dismiss the case without prejudice primarily (if not only) because it wants to avoid an adverse summary judgment ruling that might open the door to a fee-shifting statute. At the same time, however, nothing suggests that PayCargo has been less than diligent in prosecuting the case or in seeking a voluntary dismissal. So, on this record, we cannot find that Defendants have suffered "clear legal prejudice" that would preclude the dismissal of

this case without prejudice. *See Brown v. ITPE Health & Welfare Fund*, 2006 WL 2711511, at *3 (M.D. Ala. Sept. 21, 2006) ("The court finds that the arguments of Defendant, which are predicated upon its time and expenses incurred and Plaintiff's timing in moving for dismissal, do not constitute clear legal prejudice in light of . . . binding precedent"); *Berry v. General Star National Ins. Co.,* 190 F.R.D. 697 (M.D. Ala. 2000) ("[M]erely because some limited discovery has been done in this case does not mean that the Defendant will suffer plain prejudice, especially when arguments and evidence sought to be presented by the Defendant in this case can be used by the Defendant if the case is again filed by the Plaintiff.").

Because Defendants will not suffer clear legal prejudice, the next question is what conditions should be imposed for granting PayCargo's motion to voluntarily dismiss this action. *See Pontenberg*, 252 F.3d at 1258 (finding that Rule 41 expressly "allows the court to prevent prejudice to the defendant in such cases by attaching conditions to the dismissal."). Defendants submit that, if the Court were inclined to grant PayCargo a voluntary dismissal without prejudice, that dismissal should be contingent upon the *immediate* payment of Defendants' costs and attorneys' fees.

Defendants' proposed conditions go too far. "In ruling on motions for voluntary dismissals, the district court should impose *only* those conditions which will alleviate the harm caused to the defendant." *LeCompte,* 528 F.2d at 604–05 (emphasis added). In opposing PayCargo's motion for voluntary dismissal without prejudice, Defendants argue that dismissal with prejudice was more appropriate

8

because it would qualify Defendants as the prevailing parties and thereby allow them to move for attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(D), which grants the prevailing party in a misappropriation-of-trade-secrets case the authority to recover attorneys' fees for claims of misappropriation that are made in bad faith. If the Court were to award Defendants their attorneys' fees as a condition of voluntary dismissal without prejudice, therefore, it would be tantamount to finding bad faith without the benefit of briefing and argument on the subject. Such a remedy is too draconian for the present case.

We find that PayCargo's voluntary dismissal without prejudice must be contingent upon the payment of all taxable costs that Defendants incurred in defending this action should PayCargo later re-file this lawsuit. *See Potenberg,* 252 F.3d at 1259; *Versa Products, Inc.,* 387 F.3d at 1328. We also find that, if PayCargo re-files this action, then it must also pay for all reasonable attorneys' fees incurred by Defendants in defending this first-filed case. *See Brown*, 2006 WL 2711511, at *3.

By attaching these two conditions to the dismissal, we accomplish two objectives: (1) Defendants will be adequately compensated for all reasonable expenses incurred before dismissal and (2) PayCargo will be deterred from engaging in any vexatious litigation. *See Piderit Corp. v. Hartford Cas. Ins. Co.*, 2014 WL 11910626, at *2 (S.D. Fla. Apr. 9, 2014) ("[T]he purpose of awarding costs under Rule 41(a)(2) is twofold: to fully compensate the defendant for reasonable expenses incurred before

9

dismissal and to deter vexatious litigation.") (quoting *Bishop v. W. Am. Ins. Co.*, 95 F.R.D. 494, 495 (N.D. Ga. 1982)); *see also Young v. Roy's Rest.*, 2006 WL 2598962 (M.D. Fla. Sept. 11, 2006). Accordingly, the foregoing conditions offer enough protection to Defendants, and, at the same time, allow PayCargo to renew this action should it decide to do so in the future and if the cost/benefit analysis then undertaken compelled them to do so.

### III. CONCLUSION

For the foregoing reasons, it is hereby **RECOMMENDED** that Plaintiff's motion to voluntarily dismiss the second amended complaint without prejudice should be **GRANTED in part** and **DENIED.** The Rule 41(a) motion for dismissal without prejudice should be granted but subject to the conditions recommended herein.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of December, 2022.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge