UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-22885-CIV-WILLIAMS

PAYCARGO, LLC,

    Plaintiff,

v.

PAVEL GALBREATH, *et al.*,

    Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court on Chief Magistrate Judge Edwin G. Torres's Report and Recommendation ("***Report***") (DE 198) that the Court grant in part and deny in part Plaintiff PayCargo, LLC's ("***Plaintiff***") Motion for Voluntary Dismissal Without Prejudice ("***Motion***"). (DE 163.) On July 13, 2020, Plaintiff initiated the above-captioned case (DE 1), before filing the operative Second Amended Complaint on May 10, 2021. (DE 111.) Plaintiff alleges that its former employee, Defendant Pavel Galbreath a/k/a Pasha Probiv, and Defendants Wale Up LLC and Cargo Sprint LLC (collectively, "***Defendants***"), misappropriated Plaintiff's trade secrets. (*Id.*) On November 9, 2021, Plaintiff filed the instant Motion (DE 163), which is ripe before the Court. Because two of the Defendants—Galbreath and CargoSprint LLC—filed answers (DE 123; DE 129) to the Second Amended Complaint, Plaintiff must seek a court order to voluntarily dismiss this case. *See* Fed. R. Civ. P. 41(a)(2). As discussed during the February 1, 2022 Calendar Call (DE 194), the Court referred this case to Chief Judge Torres to consider the imposition and/or parameters of curative conditions related to voluntarily dismissing this case without prejudice. (DE 195.)

The Report concludes that the record does not establish that Defendants "have suffered 'clear legal prejudice' that would preclude the dismissal of this case without prejudice." (DE 198 at 7–8 (citations omitted).) To that effect, the Report finds that Defendants' proposed curative

condition for permitting Plaintiff to voluntarily dismiss this case without prejudice—"the *immediate* payment of Defendants' costs and attorneys' fees"—are excessive and unwarranted. (*Id.* at 8–9 (emphasis in original).) However, the Report finds that attaching conditions to this case's dismissal will ensure that Defendants are "adequately compensated for all reasonable expenses incurred before dismissal" and deter Plaintiff "from engaging in any vexatious litigation." (*Id.* at 9 (citations omitted).) Accordingly, the Report recommends that the Court grant in part Plaintiff's Motion and dismiss this case with prejudice on the condition that, if Plaintiff refiles this lawsuit, it must: (1) pay all taxable costs that Defendants incurred in defending this case; *and* (2) pay for all reasonable attorneys' fees incurred by Defendants in defending this case. (DE 108 at 9.) Defendant Galbreath has objected to the Report and requested an evidentiary hearing "on the topic of Plaintiff's bad faith after full briefing by all [P]arties before [a] dispositive ruling in this action." (DE 199 at 2.)

Upon an independent review of the Report, Defendant Galbreath's objections, applicable case law, and the underlying record, the Court finds that the Report's well-reasoned conclusions are appropriate and comport with applicable case law. Moreover, the Court does not find that any of Defendant Galbreath's objections invalidate any of the Report's conclusions. Therefore, the Court does not find that an evidentiary hearing is warranted.

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. The conclusions in the Report (DE 198) are **AFFIRMED AND ADOPTED**.
2. Plaintiff's Motion for Voluntary Dismissal Without Prejudice (DE 163) is **GRANTED IN PART AND DENIED IN PART**.
3. Plaintiff's claims against Defendants are **DISMISSED WITHOUT PREJUDICE** on the condition that, if Plaintiff refiles this lawsuit, it must:
    a. Pay all taxable costs that Defendants incurred in defending this case; *and*
    b. Pay for all reasonable attorneys' fees incurred by Defendants in defending this case.

4. All pending motions, including those that the Court has previously reserved ruling on (DE 158; DE 164; DE 165; DE 168; DE 192), are **DENIED AS MOOT**.

5. Any forthcoming deadlines, hearings, and/or trial settings are **CANCELED**.

6. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Miami, Florida on this 18th day of January, 2023.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE